Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VINCENT MAISANO,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I, LLC, and<br>MULLOOLY, JEFFREY, ROONEY &<br>FLYNN, LLP,<br><br>Defendants. | Civil Action No.<br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Vincent Maisano, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendants, Cavalry SPV I, LLC, and Mullooly, Jeffrey, Rooney & Flynn, LLP, says:

## I.   NATURE OF THE ACTION

1.   This class action for damages arises from the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  ("FDCPA").

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III. PARTIES

4. Plaintiff Vincent Maisano ("Plaintiff") is a natural person residing in Bergen County, New Jersey.

5. Defendant Cavalry SPV I, LLC ("CSPVI") is a debt collector located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595, who purchases defaulted consumer debts for pennies on the dollar.

6. Defendant, Mullooly, Jeffrey, Rooney & Flynn, LLP ("MJRF") is a collection law firm with an office located at 6851 Jericho Turnpike, Suite 220, Syosset, NY 11791.

7. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV. FACTS

#### A. Background

8. Defendants are not in the business of extending credit, selling goods or services to consumers.

9. Defendants regularly collect or attempt to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendants are in the business of collecting defaulted debts or alleged debts of natural persons.

11. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

12. CSPVI is a litigious debt-buyer who purchases defaulted consumer accounts for pennies on the dollar, who then seeks to recover the full value of those unpaid accounts.

13. In connection with CSPVI's efforts to collect consumer debts, CSPVI routinely hires collection attorneys to send dunning letters to consumers and to file lawsuits in an effort to collect the consumer debts.

14. CSPVI also hires collection attorneys and/or law firms in the State of New Jersey to file lawsuits against New Jersey consumers in efforts to collect the consumer debts.

15. CSPVI hired MJRF for the purpose of collecting the debt.

### B. The Capital One Account

16. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from Capital One Bank (USA), N.A. ("Capital One Debt" or "Capital One Account").

17. The Capital One Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

18. Defendants contend that the Capital One Account was past-due and in default.

19. The Capital One Account was past-due and in default when they were purchased by CSPVI for pennies on the dollar.

20. Due to unforeseen financial circumstances, Plaintiff defaulted on the Capital One Account sometime in July 2011.

21. CSPVI contends that the Capital One Account became delinquent and in default in July 2011.

22. Upon default, a cause of action to enforce the Capital One Debt accrued.

23. CSPVI later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's Capital One Account, for pennies on the dollar.

**C. Filing Suit on Time-Barred Debts**

24. In an attempt to collect the Capital One Debt, Defendants filed a collection lawsuit against Plaintiff on April 26, 2016 (the "Collection Lawsuit"). A true copy of the collection complaint in the matter styled *Cavalry SPV I, LLC v. Maisano*, PAS-DC-3643-16 (N.J. Super. Ct. Passaic Cty), is attached as ***Exhibit A***.

25. Upon information and belief, the written terms governing the Capital One Account chooses the laws of the Commonwealth of Virginia as the applicable law applying to the Capital One Account.

26. Virginia law provides:

> . . . [A]ctions found*ed upon a* contract . . . shall be brought within the following number of years next after the cause of action shall have accrued:
> . . . .
> 2. In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or by his agent, within five years whether such writing be under seal or not;
> . . . .
> 4. In actions upon any unwritten contract, express or implied, within three years.[1]

27. When Defendants filed the Collection Lawsuit, the statute of limitations had run on the Capital One Account.

28. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by suing consumers on time-barred debts.

---

[1] Va. Code Ann. § 8.01-246; *see also Delrey v. Capital One Bank*, 2009 WL 5103229, *1 (Fla. Cir. Ct. July 7, 2009) (applying VA's 3 year statute of limitations); *Hall v. LVNV Funding, LLC*, 2013 WL 5550838, *1 (W.D. Ky. 2013) (applying VA's 3 year statute of limitations to a Capital One account); *Conway v Portfolio Recovery Associates, LLC*, (E.D. Ky. Mar. 31, 2014) (attached) (applying VA's 3 year statute of limitations to a Capital One account).

## V. CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class and a subclass initially defined as follows:

> All natural persons with an address within in the State of New Jersey against whom, from April 26, 2016 through and including the final resolution of this case, Defendants filed one or more collection complaints in an attempt to collect a debt originating from Capital One, which debt was barred by the applicable statute of limitations.

31. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class and subclass members under the Fair Debt Collection Practices Act.

32. The class and subclass for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

33. There are questions of law and fact common to the members of the class and subclass that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendant is a debt collector under the FDCPA;
>
> B. Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f;
>
> C. Whether Plaintiff, the class and subclass are entitled to statutory damages;
>
> D. Whether Plaintiff, the class and the subclass are entitled to actual damages, including all amounts paid on time-barred debts.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action

will cause an orderly and expeditious administration of the claims of the class and the subclass and will foster economies of time, effort and expense.

35. Plaintiff's claims are typical of the claims of the members of the class and subclass.

36. The questions of law and/or fact common to the members of the class and subclass predominate over any questions affecting only individual members.

37. Plaintiff does not have interests antagonistic to those of the class and subclass.

38. The class and subclass, of which Plaintiff is a member, are readily identifiable.

39. Plaintiff will fairly and adequately protect the interests of the class and subclass, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

40. The prosecution of separate actions by individual members of the class and subclass would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class and subclass would create the risk that adjudications with respect to individual members of the class and subclass would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

41. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.     FIRST COUNT: VIOLATIONS OF THE FDCPA

42.     Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

43.     Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

44.     The debt alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

45.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

46.     Collection complaints filed against Plaintiff and numerous other consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

47.     By filing lawsuits on time-barred debts, Defendants violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the FDCPA.

48.     The violations of the FDCPA described herein constitute *per se* violations.

49.     Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Vincent Maisano on behalf of himself and others similarly situated, demands judgment against Defendants, Cavalry SPV I, LLC and Mullooly, Jeffrey, Rooney & Flynn, LLP as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class and subclass, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class and subclass pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except in the matters styled:

- *Santiago v. Cavalry SPV I, LLC; Cavalry Portfolio Recovery Services*, LLC, 2:15-cv-08332-KM-MAH (D.N.J.)

- *Mendoza v. Cawley & Bergmann, LLP and Cavalry SPV I, LLC,* 2:16-cv-09517-CCC-MF (D.N.J.)

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: April 26, 2017

RECEIVED   TUESDAY 4/26/2016 11:39:21 AM 14776573

**MULLOOLY,JEFFREY,ROONEY & FLYNN LLP**
By:John J.Sheerin 053401992
6851 Jericho Tpke,Suite 220
Syosset,NY 11791-9036
(516)656-5300
**Attorneys for Plaintiff**

FILED Apr 26, 2016

------------------------------------------------X
Cavalry SPV I, LLC
AAO Capital One Bank (USA), N.A.
                                    Plaintiff,
              -Against-

VINCENT C MAISANO

                              Defendant(s)
------------------------------------------------X

SUPERIOR COURT NEW JERSEY
PASSAIC COUNTY
LAW DIVISION-SPECIAL CIVIL PART
DOCKET#: DC-003643-16
MJRF#:       01262261

**CIVIL ACTION COMPLAINT**

Plaintiff is Delaware limited liability company,with its principal place of business at 500 SUMMIT LAKE DR, SUITE 400 VALHALLA NY 10595,complaining of Defendant(s) says:

1. That plaintiff's assignor Capital One Bank (USA), N.A. and defendant(s) hereto entered into a Revolving Bank Card Agreement.The original account number ended in REDACTED.

2. Pursuant to the terms and provisions thereof,the Defendant(s) became indebted to the Plaintiff's assignor. The defendant's social security number ends in REDACTED.

3. The Defendant(s) defaulted under the terms of said Agreement in that Defendant(s) failed to make the payments due,and Plaintiff has elected the entire unpaid balance to be due and payable.

4. The Defendant(s) Obligation to Capital One Bank (USA), N.A. has been sold. Chain of title is as follows: Capital One Bank (USA), N.A. to Plaintiff.

### FOR A SECOND CAUSE OF ACTION

5. That heretofore, plaintiff's assignor Capital One Bank (USA), N.A. rendered to defendant(s) monthly, full and true accounts of the indebtedness owing by the defendant(s) as a result of the above agreement,in an amount as herein above set forth which account statements were delivered to and accepted without objection by the defendant(s) resulting in an account stated for the amount set forth above.

WHEREFORE, Plaintiff demands judgment against the Defendant(s) in the amount of $3,457.94 plus costs for the total amount due as stated above.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that pursuant to Court Rule 4:5-1,the matter in controversy is not the subject of any other action or arbitration proceeding,now or contemplated,and that no other parties should be joined in this action.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Dated: April 19, 2016

John J. Sheerin, ESQ.
Attorney for Plaintiff

(ACU)3053CV

# [EXHIBIT A]